FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>AGNES NICZYPORUK,<br>    Debtor. | No. 2:24-CV-00423-SAB<br><br>**ORDER DISMISSING APPEAL** |

On December 18, 2024, Debtor/Appellant Agnes Niczyporuk filed a Notice of Appeal, appealing the bankruptcy court's order overruling her Amended Objection to Proof of Claim 5-1. Ms. Niczyporuk is representing herself in this matter. Secured creditor U.S. Bank National Association as Trustee for LB-IGLOO SERIES IV TRUST, its successors and/or assigns ("USB") is represented by Eric Marshack.

**Background Facts**

The following backgrounds facts are set forth in the bankruptcy court's order.

On or about February 25, 2008, Agnes Niczyporuk and Jaroslaw Niczyporuk executed a promissory note in favor of Countrywide Bank, FSB, to refinance the mortgage on their home located at 1315 N. Dunbarton Oaks Lane, Liberty Lake, WA ("Property"). They secured the loan with a deed of trust in favor of

**ORDER DISMISSING APPEAL ~ 1**

Countrywide Home Loans, Inc. and listed Mortgage Electronic Registration Systems, Inc. (MERS) as nominee. In 2009, the Niczporuks stopped paying their mortgage and failed to obtain a loan modification. In 2011, MERS assigned the Niczyporuks' deed of trust to Bank of America, N.A. ("BofA"). That same year, the Niczyporuks filed their first chapter 7 bankruptcy and scheduled an undisputed secured debt of $440,000 in favor of BofA. The Niczyporuks stated they intended to reaffirm the mortgage debt and did not dispute the validity of the loan or deed of trust. The Niczyporuks received their first bankruptcy discharge in 2012.

In 2015 BofA assigned the Niczyporuks' deed of trust to Ventures Trust 2013-I-H-R ("Ventures"). After Ventures scheduled a trustee's sale in 2016, the Niczyporuks sued BofA, Ventures, and others in state court to stop the foreclosure. In that suit, the Niczyporuks challenged the validity of multiple assignments of the deed of trust and questioned if Ventures possessed the original Note. In 2017, the parties agreed to dismiss the case with prejudice.

Ventures assigned the Niczyporuks' deed of trust to Wilmington Savings Fund Society, FSB, who agreed to modify the Niczyporuks' loan in July 2019. The Niczyporuks made no payments on the loan after August 2019.

In 2020, Wilmington Savings Fund Society, FSB assigned the deed of trust to DLJ Mortgage Capital, Inc., who assigned the Niczyporuks' deed of trust to U.S. Bank in 2023.

U.S. Bank appointed Michelle Ghidotti as successor trustee and scheduled a trustee's sale for March 24, 2023. In March 2023, the Niczyporuks sued Michelle Ghidotti in state court to stop the foreclosure on the Property. Two days prior to the scheduled sale, Agnes Niczyporuk filed a chapter 13 bankruptcy petition. After the Trustee and U.S. Bank objected to confirmation, Ms. Niczyporuk voluntarily converted her chapter 13 case to chapter 7 and amended her schedules.

On May 10, 2023, Ms. Niczyporuk filed an adversary lawsuit against U.S. Bank, U.S. Bank National Association, Michelle Ghidotti, and others seeking in

**ORDER DISMISSING APPEAL** ~ 2

relevant part: (1) injunctive relief against foreclosure; (2) declaratory judgments that Debtor's loan obligations is unenforceable; and (3) damages for alleged fraud, violations of the stay in the 2012 case, and (4) violations of state law.

On September 11, 2023, after converting U.S. Bank's Motion to Dismiss the adversary lawsuit to a Motion for Summary Judgment, the bankruptcy court granted the motion in the adversary case and dismissed Ms. Niczyporuk's complaint with prejudice. On September 14, 2023, the bankruptcy court granted U.S. Bank's motion for relief from stay.

Ms. Niczyporuk filed a Motion for Reconsideration, asserting there were questions of fact regarding the location of the original note and the ownership of her loan. The bankruptcy court denied her motion. The Bankruptcy Appellate Panel of the Ninth Circuit affirmed the bankruptcy court's order.

On November 14, 2024, Ms. Niczyporuk filed an Amended Objection, in which she again disputed the validity of U.S. Bank's claim. She argued she was denied her constitutional rights because the bankruptcy court failed to properly consider her objection to U.S. Bank's claim.

The bankruptcy court relied on the claims preclusion doctrine to overrule Ms. Niczyporuk's objection. It noted Ms. Niczyporuk was advancing arguments essentially identical to those previously raised and rejected by the bankruptcy court and Bankruptcy Appellate Panel, she offered no new evidence or substantive allegations of fraud and failed to raise any issues that were not already rejected on appeal. Ms. Niczyporuk is appealing that Order.

**Standard of Review**

A district court has jurisdiction to hear an appeal from a bankruptcy court. 28 U.S.C. § 158. "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When examining an appeal, a district court uses the same standard of review that a

**ORDER DISMISSING APPEAL ~ 3**

circuit would use when reviewing a district court's decision. See *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). A bankruptcy court's order overruling objections is reviewed for abuse of discretion. *In re Medina*, 2020 WL 885967 (9th Cir. BAP 2020).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## Analysis

The bankruptcy court did not abuse its discretion in finding that U.S. Bank's proof of claim was valid. The bankruptcy court properly found Debtor/Appellant's arguments before the bankruptcy court were identical to those previously raised, considered and rejected by the courts, including the constitutional claims and challenges to standing, and therefore were barred by claim preclusion. Courts have consistently held that U.S. Bank Trust maintained possession of the original note and it was not required to present the original note to prove possession. Finally, it appears the issue of proof of claims in the bankruptcy proceedings is moot, given the sale of the property in question. *See In re Royal Properties, Inc.*, 621 F.2d 984, 986 (9th Cir. 1980) ("Once the orders have been performed, an appeal attacking the order is moot). Even if the Court were to grant Ms. Niczyporuk's requested relief, it would be an advisory opinion upon a moot question.

//
//
//
//
//
//
//

**ORDER DISMISSING APPEAL ~ 4**

Accordingly, **IT IS HEREBY ORDERED**:

1. Debtor/Appellant's Appeal is **DISMISSED,** with prejudice.

2. Debtor/Appellant's Motion for Judicial Notice of Transcript Correction Appeal (Case No. 2:25-cv-00179-TOR), ECF No. 13, is **DENIED**, as moot.

3. Debtor/Appellant's Pro Se Motion for Electronic Case Filing Authorization, ECF No. 14, is **DENIED**, as moot.

4. The Clerk of Court is directed to enter judgment in against Debtor/Appellant and in favor of Appellees.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to Plaintiff and counsel and **close** the file.

**DATED** this 6th day of June 2025.



Stan Bastian
Chief United States District Judge

**ORDER DISMISSING APPEAL ~ 5**